## Rowan's Estate.

*Wills—Issue devisavit vel non—Refusal of issue—Signature—Alterations—Evidence.*

An issue devisavit vel non is properly refused where five witnesses positively identify the signature to the will as that of the testatrix, and testify that the entire will is in her handwriting, including interlineations and additions, and only one testifies that she thought the handwriting did not look like that of testatrix.

The will is not avoided because the testatrix in her own handwriting added interlineations to identify two of the devisees by their married names, and because she added the abbreviations "Jr" to the name of the executor.

Argued Jan. 4, 1912. Appeal, No. 171, Jan. T., 1912, by Sarah Harper, from decree of O. C. Phila. Co., Oct T., 1909, No. 385, refusing issue devisavit vel non in Estate of Emma A. Rowan, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from Register of Wills.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree dismissing the appeal.

*Frederick Beyer,* for appellant.—Where there is a substantial dispute upon a material question of fact, such an issue is a matter of right, and the test of substantiality in the dispute is that a verdict could be supported by the trial Judge, upon a review of all the evidence adduced: Sharpless' Estate, 134 Pa. 250;

Knauss' App., 114 Pa. 10; Armour's Estate, 154 Pa. 517; Robinson v. Robinson, 203 Pa. 400.

When the testator adds to his will or desires to change in any manner its provisions or directions he must do so by another will or codicil in writing: Wineland's App., 118 Pa. 37; Hays v. Harden, 6 Pa. 409.

*Joseph P. McCullen,* with him *Harry Green,* for appellees.—There was no evidence to warrant the granting of an issue: Knauss' App., 114 Pa. 10.

The interlineations written into the will by the testatrix did not invalidate the document: Heise v. Heise, 31 Pa. 246; Taylor's Estate, 230 Pa. 346.

The interlineations and the addition of the abbreviation "Jr." in the appointment of an executor did not serve to revoke the executed will and did not amount to an obliteration or cancellation or invalidation of the document: Dixon's Appeal, 55 Pa. 424; Linnard's Appeal, 93 Pa. 313; Tomlinson's Estate, 133 Pa. 245; Teed's Estate, 225 Pa. 633; Taylor's Estate, 230 Pa. 346; Fuguet's Will, 11 Phila. 75; Ramsey's Will, 2 Pa. D. R. 425.

OPINION BY MR. JUSTICE POTTER, February 5, 1912:

The appellant in this case alleges that the Orphans' Court erred in refusing to grant an issue devisavit vel non, to determine whether the writing admitted to probate is in fact the will of Emma A. Rowan, deceased. We are not impressed with the merit of this contention. The action of the court below seems to be abundantly justified by the undisputed facts which appear in the record. Five witnesses positively identified the signature to the will as being that of the decedent, Emma A. Rowan, and they testified that the entire will was in her handwriting, including the interlineations and additions. Opposed to this positive testimony was nothing except the opinion of one witness, the appellant,

who thought the handwriting did not look like that of Emma A. Rowan. Evidence of this character, as against the positive identification of the handwriting, was not sufficient to justify the granting of an issue; and it was properly refused. The interlineations were not in the nature of alterations to the will. They tended only to further identify two of the devisees, by adding their married names, and the addition of the abbreviation "Jr." to the name of the executor, was of the same character. The Orphans' Court was undoubtedly right in holding that these changes, made after the execution of the will, did not avoid it.

The assignments of error are overruled, and the decree of the court below is affirmed.